OPINION
{¶ 1} Defendant-appellant Adrian Owens appeals from his conviction and sentence, following a guilty plea, upon one count of Burglary and one count of Possession of Cocaine. The offenses were the subject of separate indictments, but Owens was sentenced in one proceeding. His appeals in these two cases have been consolidated.
 {¶ 2} Owens' assigned counsel has filed a brief pursuant to Andersv. California (1976), 386 U.S. 738, indicating that no potential assignments of error have been found having arguable merit.
 {¶ 3} Owens was notified that his counsel had filed an Anders
brief, and was allowed 60 days within which to file his own, pro se brief. He has not done so.
 {¶ 4} This court has performed its duty, under Anders v.California, supra, independently to review the record, including the pre-sentence investigation report. We have found no potential assignments of error having arguable merit.
 {¶ 5} The trial court reviewed with Owens each of the constitutional rights that he would be waiving by pleading guilty, and ascertained that he understood them. The trial court also ascertained that Owens understood the charges against him, and the maximum penalties that could be imposed. The trial court also ascertained that Owens had not been promised anything in exchange for his plea.
 {¶ 6} The trial court imposed a minimum sentence of six months for the offense of Possession of Cocaine, and a minimum sentence of two years for the offense of Burglary, the two sentences to be served concurrently. We find nothing in the record to suggest that the trial court abused its discretion by imposing this sentence, or otherwise erred in its imposition of sentence.
 {¶ 7} In short, we conclude, based upon our independent review of the record, that there are no potential assignments of error having arguable merit, and that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.